# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISON

| | | |
|---|---|---|
| **URSULINE COLLEGE**, et al. | ) | CASE NO.  1:26-cv-1498 |
| | ) | |
| Plaintiffs, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | |
| **GREAT MIDWEST ATHLETIC** | ) | |
| **CONFERENCE ("G-MAC")** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## TEMPORARY RESTRAINING ORDER

This cause came before this Court on the Verified Complaint, the Affidavit of Dr. David King, and Motion of Plaintiffs, Ursuline College ("Ursuline") and Gannon University ("Gannon") (collectively, "Plaintiffs"), for a Temporary Restraining Order and Preliminary Injunction against Defendant, Great Midwest Athletic Conference ("G-MAC").

Ursuline is one of six charter members of the G-MAC, having participated in the Conference since its founding in 2011. Ursuline, a historically women's college that now still predominantly serves female students and female student-athletes, alleges that it spearheaded the founding of the G-MAC because it had no other existing conference to join given its female-leaning demographic. Ursuline alleges it has remained in good standing throughout its G-MAC membership, with no record of Conference violations, no compliance deficiencies, and no failure to meet Conference requirements.

Gannon is anticipated to complete a merger with Ursuline in or about July 2026. Despite the merger, Plaintiffs allege that Ursuline will continue to operate as an independent, stand-alone National Collegiate Athletic Association ("NCAA") Division II institution. The NCAA Division

1

II Membership Committee expressly confirmed this institutional independence by letter dated May 6, 2026. Despite this NCAA determination, Plaintiffs allege that G-MAC has taken action to terminate Ursuline's full membership based solely on the post-merger governance structure, without following required procedures, without any finding of a Constitution or Bylaw violation, and without affording Ursuline meaningful due process.  Plaintiffs further allege that G-MAC has excluded Ursuline from 2027-2028 scheduling activities which are currently underway, causing immediate and irreparable harm to Ursuline's student-athletes and Ursuline's ability to recruit student-athletes.

In their Verified Complaint, Plaintiffs seek to enforce Ursuline's contractual rights under the G-MAC Constitution and Bylaws, to obtain a declaratory judgment establishing those rights, and to obtain relief under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. This Court finds that it appears likely that Plaintiffs will prevail on the merits of their claims, that Plaintiffs will be irreparably harmed unless the requested relief is granted, that the equities between the parties weigh in favor of granting relief, and that the public interest weighs in favor of the Temporary Restraining Order in question.  For good cause shown, the Court finds that said Motion is well taken and grants the same.

It is, therefore, ORDERED and DECREED as follows:

1.      G-MAC is enjoined from terminating, suspending, or otherwise impairing Ursuline's full membership in the Conference, or otherwise denying Ursuline any rights, privileges, or benefits attendant to full Conference membership, including participation in Conference governance, scheduling, championship eligibility, and other Conference activities.

2.  G-MAC is enjoined from excluding Ursuline from all Conference scheduling and related athletic activities for the 2027-2028 academic year on the same basis as every other full member institution.

3.  G-MAC must maintain Ursuline's full membership status and refrain from making or implementing any final determination of Ursuline's waiver request unless and until it does so in compliance with G-MAC's Constitution, Bylaws, and Merger Policy Framework.

4.  The terms of this Order are fully binding on Defendant, G-MAC, persons and entities in active concert and participation with G-MAC whether directly or indirectly and in any manner, its successors, assigns, transferees, representatives, and/or members.

5.  This Order shall expire by its terms fourteen (14) days after entry or as otherwise ordered by this Court or unless otherwise agreed in writing by all parties with the Court's permission.

6.  Copies of this Order shall be immediately served upon Defendant, G-MAC in the manner prescribed by law or otherwise directed by this Court.

7.  A hearing will be held on Plaintiffs' Motion for a Preliminary Injunction on the ____ day of _____, 2026 at _____ a.m./p.m. in the Courtroom of _____ at the United States District Court for the Northern District of Ohio, Cleveland Division, 801 W. Superior Ave., Cleveland, Ohio 44113.

8.  Plaintiffs shall post a bond in the amount of $0.00.

ISSUED AT ____: _____ .m., this _____ day of _____, 2026.

**IT IS SO ORDERED.**

_____
JUDGE

4924-1187-4489, v. 1

3