**698406UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ursuline College et al., | ) | |
| | ) | Case No. 1:26-cv-01498-DAR |
| Plaintiffs, | ) | |
| | ) | Judge David Ruiz |
| vs. | ) | |
| | ) | |
| Great Midwest Athletic Conference, | ) | |
| | ) | |
| Defendant. | ) | |

**G-MAC's  Motion for Extension of Time to Oppose Preliminary Injunction**
**Motion and to Reset Hearing or, Alternatively, to Set a Scheduling Conference**

In accordance with Fed. Civ. R. 6(b), defendant Great Midwest Athletic Conference ("G-MAC") respectfully requests that the Court (i) extend by four weeks G-MAC's current deadline to oppose plaintiffs Ursuline College's and Gannon University's (collectively, "Plaintiffs'") motion for preliminary injunction from July 13, 2026, to August 10, 2026; and (ii) reset the July 20, 2026 hearing on that motion to a date in September 2026 convenient for the Court, counsel, parties, and any witnesses.

Good cause supports this request. The undersigned counsel was retained by G-MAC only yesterday, July 8, 2026. The lawsuit was filed just one week earlier, on July 1, 2026, and Plaintiffs still have not yet served G-MAC with the summons and complaint as required by Fed. Civ. R. 4. Indeed, because Plaintiffs have not bothered to perfect service, despite seeking extraordinary relief, they have left this Court with "no jurisdiction to proceed or to render a decree affecting [their] rights or interest." *See N.Y. Life Ins. Co. v. Bangs*, 103 U.S. 435, 440

(1880).[1] Additionally, this Court's Local Rule 7.1(d) ordinarily allows a defendant 30 days to oppose a motion for preliminary injunction,[2] and that 30-day period should not begin to run until Plaintiffs serve G-MAC with the summons and complaint.

The undersigned counsel needs more than the three to four business days remaining before the current deadline to get up to speed on this dispute, review the lengthy verified complaint and preliminary injunction motion, learn the relevant facts and law, consult with the client, and plan and draft a cogent, comprehensive opposition. Even with this extension, G-MAC would still file its opposition within the 30 days that Local Rule 7.1(d) allows, considering that proper service under Rule 4 still has not occurred.

---

[1] G-MAC makes this motion through a limited appearance, without waiving service of process or any objection or ground for dismissal available to it under Fed. Civ. R. 12, such that the filing of this motion shall not be deemed consent to this Court's jurisdiction.

[2] Local Rule 7.1(d) allows a party 30 days to oppose a dispositive motion, and a "motion for preliminary injunction is a dispositive motion." *Smith v. Fender*, No. 1:21-cv-934, 2021 WL 5812017, at *1 n.1 (N.D. Ohio Oct. 27, 2021), *quoting Brown v. Mohr*, No. 2:13-cv-006, 2014 WL 5446003, at *2 (S.D. Ohio Oct. 24, 2014).

39622240.2

The undersigned contacted counsel for Plaintiffs to request consent to an extension.[3] Plaintiffs' counsel refused, citing irreparable harm.[4] That objection does not justify denying the extension that G-MAC now seeks.

Plaintiffs will suffer no material prejudice from the four-week extension that G-MAC seeks. For context, Plaintiffs' motion seeks an injunction barring G-MAC from excluding Ursuline from the G-MAC. That exclusion was triggered by Ursuline's merger with Gannon University without Ursuline maintaining its independence from Gannon—a school that competes in a rival conference, the Pennsylvania State Athletic Conference. Critically, G-MAC already granted Ursuline College a waiver, allowing it to remain in the G-MAC for the 2026-27 academic year, through June 30, 2027, giving Ursuline over a year to plan for the future. (*See* Oct. 8, 2025 G-MAC letter, ECF 1-6.) That accommodation removes any immediate threat of irreparable harm.

Additionally, G-MAC notified Ursuline on October 8, 2025, that it would not meet Conference membership requirements after it merges with Gannon. (Compl. ¶ 51.) Thus, the eligibility issue on which Plaintiffs sue has been known to them *for nine months* before they

---

[3] G-MAC's counsel first requested a two-week extension within hours of being retained to secure a modicum of breathing room. Upon reviewing the filings further over the last 24 hours, however, counsel has discovered that (a) Plaintiffs never perfected service upon G-MAC; (b) Plaintiffs' preliminary injunction motion is overlength, and Plaintiffs never moved for—let alone obtained—leave to exceed Local Rule 7.1's page limits; and (c) the volume and complexity of the issues raised by Plaintiffs' motion will require more than the two weeks originally requested for a proper opposition brief.

[4] Plaintiffs' counsel also asserted that G-MAC's different counsel consented to the current briefing deadlines during a status conference before Judge Donald Nugent. However, the attorney who participated in that call had not entered an appearance in the case, attended merely as an observer, and had not consulted with the undersigned attorneys (who had not yet been retained) regarding the schedule. Regardless, whatever may have been said during that conference has no bearing on whether the undersigned attorneys—who are now responsible for the matter—require additional time to prepare a thorough and complete opposition. The question is not whether the existing deadline was set (it was), but whether it should be extended (it should).

39622240.2

sued, further evidencing a lack of urgency. Indeed, this Court previously denied Plaintiffs' motion for a temporary restraining order due to a lack of immediacy. (*See* ECF 5.)

Fairness also weighs in favor of this requested extension. Plaintiffs have had nine months since receiving notice of Ursuline's ineligibility to prepare their 23-page, 117-paragraph verified complaint—on which they rely extensively in their injunction motion—and their 25-page, overlength preliminary injunction motion. Yet Plaintiffs want to turn the screws on G-MAC by squeezing its counsel to a few days to oppose voluminous filings that took Plaintiffs months to research, plan, and draft. If Plaintiffs' own nine-month delay in seeking relief caused no irreparable harm, then a four-week extension would cause none. The reality is that Plaintiffs' opposition to an extension is not about irreparable harm. It is gamesmanship—an attempt to leave G-MAC so little time to oppose that its work product suffers, improving Plaintiffs' odds of prevailing. Courts do not condone such tactics; they strive to resolve disputes on the merits, not on which side had more time to prepare.

Lastly, if the Court grants the requested extension, G-MAC will waive the lack of service and withdraw its objection to Plaintiffs' overlength brief,[5] where both issues would otherwise complicate proceeding with the motion as currently postured.

---

[5] Plaintiffs' 25-page brief exceeds the page limitations of Local Civil Rule 7.1(f), whether treated as dispositive (20-page limit for standard or unassigned track) or non-dispositive (15-page limit). This remains true even if the two-page motion is excluded from the count, although Plaintiffs' page numbering included it (*see* ECF 2). Plaintiffs also omitted the page number certification for dispositive motions under the same rule. *See* L.R. 7.1(f) ("Every memorandum related to a dispositive motion must be accompanied by a certification specifying the track, if any, to which the case has been assigned and a statement certifying that the memorandum adheres to the page limitations set forth in this section."). Thus, if Plaintiffs contend the brief is dispositive, they failed to include the required certification and are overlength; if they contend the motion is non-dispositive, the brief is even more overlength.

39622240.2

In sum, G-MAC seeks only to have Plaintiffs' motion decided in an orderly and fair manner, consistent with Fed. R. Civ. 1, so that the Court reaches the right result based on cogent briefing from both sides—rather than a one-sided presentation pitting months of preparation against an opposition pressed within a four-business-day window. Granting the extension will not only protect G-MAC's rights and ensure fairness, but also aid this Court by enabling it to decide the issues based on solid briefing and evidence, with both sides heard fully and fairly.

For the foregoing reasons, G-MAC respectfully requests that the Court grant this motion, extend G-MAC's deadline to oppose the preliminary injunction motion to August 10, 2026, and reset the hearing for some time in September 2026. Alternatively, G-MAC requests a scheduling conference to address the issues raised herein in light of the recent reassignment of the case to a new District Judge and the recent limited appearance by the undersigned counsel for G-MAC.

Respectfully submitted,

Dated:  July 9, 2026

  s/ Matthew J. Cavanagh
David B. Cupar (0071622)
Matthew J. Cavanagh (0079522)
McDONALD HOPKINS LLC
600 Superior Ave., East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for*
*Great Midwest Athletic Conference*

5

39622240.2